UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE CALLOWAY; DORETTA WAGNER; CAROLYN ADAMS-HARRIS; BRIDGETT TIFT; JAMES BLOCH; MARY HANLEY; AUDREY MICHELLE OTIS; CHINA KELLAM; and SHARON MCKENZIE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T CORP.; AT&T INC.; AT&T TELEHOLDINGS, INC.; AT&T SERVICES, INC.; and AT&T OPERATIONS, INC., <br><br> Defendants. | Case No. 18-cv-6975 <br><br> Hon. Edmond E. Chang |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
FOR TOLLING OF THE FLSA STATUTE OF LIMITATIONS PERIOD**

Plaintiff's Motion for Tolling fails to acknowledge—much less meet—the established test in this Court for equitable tolling. Accordingly, Defendants AT&T Corp.; AT&T Inc.; AT&T Teleholdings, Inc.; AT&T Services; and AT&T Operations, Inc. ("Defendants"), by and through counsel, submit this Response in Opposition to Plaintiffs' Motion for Tolling of the FLSA Statute of Limitations Period, and respectfully state as follows:

1. On November 26, 2018, Defendants moved to dismiss Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court lacked personal jurisdiction over Defendants and that Plaintiffs had not met their burden of pleading facts sufficient to establish that any Defendants acted as Plaintiffs' "employer" under the FLSA. Dkt. No. 24.

2. The Court set the deadline for Plaintiffs' response to the motion to dismiss for December 27, 2018. Dkt. No. 27. Rather than filing a response, on December 19, 2018, Plaintiffs filed motions to stay the case and requesting jurisdictional discovery of Defendants. Dkt. No. 28–29. The Court set a briefing schedule on Plaintiffs' motions with briefing to be completed by January 22, 2019.

3. Slightly more than three months later, on May 3, 2019, Plaintiffs moved for tolling of the limitations period applicable to the potential Fair Labor Standards Act claims of prospective plaintiffs who may choose at some future time to assert claims by opting in to this case. Dkt. No. 54 (hereinafter, the "Motion" or "Mot."). Plaintiffs note that while their other motions are pending, the limitations period continues to run for putative future collective members who have not asserted a claim but may one day be within the scope of a collective certified by the Court in this case. Mot. ¶ 5.

4. Under recent Seventh Circuit and Northern District of Illinois precedent (none of which is cited in Plaintiffs' motion) equitable tolling is improper in these circumstances. Courts in this District have adopted a two-element test to determine when equitable tolling is warranted in cases such as this one. Under that test, a claimant is entitled to equitable tolling only when (1) he "has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Soto v. Wings 'R US Romeoville, Inc.*, 2016 WL 4701444, at *10 (N.D. Ill. Sept. 8, 2016) (citing *Knauf Insulation, Inc. v. Southern Brands, Inc.*, 820 F.3d 904, 908 (7th Cir. 2016)); *see also Menominee Indian Tribe of Wisconsin v. United States*, —— U.S. ——, 136 S. Ct. 750, 755 (2016). These components have been "expressly characterized" as "elements, not merely factors of indeterminate or commensurable weight," thus both must be satisfied to justify equitable tolling. *Menominee*, 136 S. Ct. at 756.

5. Plaintiffs have not satisfied—or even addressed—either element of the equitable tolling test. First, there is no evidence suggesting that unidentified potential future claimants on whose behalf Plaintiffs seek tolling have "pursu[ed] their rights diligently." *Soto*, 2016 WL 4701444, at *10. Any putative claimants have been, and remain, free to join this litigation at any time, and nothing precludes them from consenting to join this action or filing a case of their own if they believe they possess a claim. Indeed, since Plaintiffs filed their motions for jurisdictional discovery and to stay the case, at least 11 individuals have submitted consents to join in this lawsuit. The mere fact that Plaintiffs have pled their intention to pursue claims under the FLSA on a collective basis does not absolve other, presently unknown, putative claimants from the duty to diligently pursue their own individual legal rights. *See Sylvester v. Wintrust Fin. Corp.*, 2014 WL 10416989, at *3 (N.D. Ill. Sept. 26, 2014) ("[N]othing in FLSA suggests that once one plaintiff has asserted a claim against an employer, all other potential plaintiffs are relieved of their respective obligations to exercise their own diligence with respect to the investigation and/or assertion of their own claims against that employer.").

6. Nor have Plaintiffs established the presence here of any "extraordinary circumstance" that warrants equitable tolling. *Soto*, 2016 WL 4701444, at *10. Indeed, the only circumstance Plaintiffs mention is that "Defendants' motion [to dismiss] has now been pending for nearly five months." Mot. ¶ 8. Setting aside that any ruling on Defendants' motion to dismiss has been delayed by *Plaintiffs'* intervening motions to stay and to conduct jurisdictional discovery, courts of this District have expressly rejected "delay" of the type cited by Plaintiffs as extraordinary circumstances warranting tolling in FLSA cases. *See Sylvester*, 2014 WL 10416989 ("[T]hat a court may take months to rule on a fully briefed motion is (unfortunately) not extraordinary; it is, rather, the predictable and common consequence of crowded court dockets

3

generally and the particular circumstances of any particular judge's docket specifically."); *see also Soto*, 2016 WL 4701444, at *11 (finding that a "wait of approximately six months for briefing and a ruling" did not constitute an extraordinary circumstance that warranted tolling).

7. Moreover, Northern District of Illinois courts have found that "[e]ven assuming *arguendo* that some portion of an unusually long delay in ruling . . . can constitute an extraordinary circumstance, the plaintiffs must—but cannot—also establish that opt-ins were prevented from joining the lawsuit *by that delay*." 2014 WL 10416989, at *3 (emphasis in original). Far from making such a showing here, Plaintiffs continue to file consents by additional claimants seeking to join this case while their motions are pending. "How the absence of a . . . ruling prevented other potential plaintiffs from asserting their rights, but not these [plaintiffs] the motion does not explain." *Id.*

8. Finally, although courts in this District have found that it may be a "legitimate concern" that some potential plaintiffs might not learn about the existence of a pending collective action until after it is too late for them individually to opt-in, courts have observed that this is "a reality borne out in the plain language of this statute" and that "[m]anipulating or ignoring the Supreme Court's equitable tolling standard is not the appropriate means for addressing the practical implications of the statutory limitations period and commencement provision set by Congress." *Soto*, 2016 WL 4701444, at *11; *see also Sylvester*, 2014 WL 10416989, at *3 ("Congress plainly did not view the filing of a putative collective action to be an adequate reason to stop the clock on claims of other putative members of the collective, instead providing expressly that their cases 'shall be considered to be commenced' on the date on which their own 'written consent is filed.'" (quoting 29 U.S.C. § 256(b))).

9. In support of their position, Plaintiffs cite a handful of federal district court cases from New York, Arkansas, and Louisiana. Mot. ¶ 12. Not only are the cases on which Plaintiffs rely from outside this District—and, indeed, outside the Seventh Circuit—but they uniformly either apply different legal standards or arise in a very different contexts. Typically, where any equitable tolling is potentially justified in FLSA collective actions, it is after a motion for certification has been granted (or at least is on file) and some extraordinary factor has unreasonably delayed the usual notice and opt-in process that follows certification. And even in such circumstances, any tolling warranted would be far narrower than the extraordinary order Plaintiffs seek here—retroactive tolling "*nunc pro tunc*, beginning on December 19, 2018, the filing date of Plaintiffs' motion to stay . . . ." Mot. at 5.

10. In contrast to the attenuated authority and extraordinary relief in Plaintiffs' Motion, the recent decisions in the Northern District of Illinois make clear that no equitable tolling is appropriate here.

Accordingly, Defendants respectfully ask this Honorable Court deny Plaintiffs' Motion for Tolling of the FLSA Statute of Limitations Period.

5

Dated: May 20, 2019 Respectfully submitted,

*/s/ Karl G. Nelson*
Karl G. Nelson (TX Bar No. 14900425)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Ave., Suite 1100
Dallas, TX 75201-6912
Tel: (214) 698-3100
Fax: (214) 571-2900
KNelson@gibsondunn.com

Patrick S. Coffey (IL Bar. No. 6188134)
Robert M. Romashko, (IL Bar No. 6293659)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Tel: (312) 655-1500
Fax: (312) 655-1501
patrick.coffey@huschblackwell.com
robert.romashko@huschblackwell.com

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 20, 2019, the foregoing document was electronically submitted with the clerk of the court for the United States District Court, Northern District of Illinois, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

*/s/ Karl G. Nelson*
Karl G. Nelson

COUNSEL FOR DEFENDANTS