IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DIANE CALLOWAY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 18-cv-06975 |
| ) | |
| ATT CORP., AT&T, INC. AT&T ) | Honorable Sunil R. Harjani |
| TELEHOLDINGS, INC., AT&T SERVICES, INC. ) | |
| and AT&T OPERATIONS, INC.. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RENEWED[1] MEMORANDUM IN SUPPORT OF THEIR RENEWED
MOTION FOR CONDITIONAL CERTIFICATION AND
FOR COURT-SUPERVISED NOTICE TO ISSUE**

The Fair Labor Standards Act requires employers to pay employees at least the minimum wage for all hours worked and at least time and a half for any overtime hours that qualified employees work during a week. 29 U.S.C. §§ 207, 207(a)(1). Plaintiffs have not been compensated for all of their time worked, and they seek conditional certification and court-facilitated notice in this collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

Plaintiffs clarify the class definition originally advanced in their complaint, as follows:

All individuals who were and/or are currently employed by Defendant, their subsidiaries, affiliates, predecessors and/or successors, as non-exempt call center employees or other similarly titled positions at any time during the relevant statute of limitations who have worked unreported post-shift overtime minutes, recorded by CTI, but not entered as exceptions to their IEX schedules, and not paid in at least one FLSA qualifying forty-hour workweek.

---

[1] Plaintiffs expressly incorporate, by reference, as if pled herein, their memorandum in support of the motion for conditional certification. The argument herein is made in addition to the authority and argument advanced in the memorandum filed on April 22, 2022. (Doc. No. 150).

1

The Plaintiffs have demonstrated, through the evidence submitted, that:

(1) a company-wide policy created the daily occurrence of post-shift overtime compensable work, when Associates were caught-on-a-call because they were prohibited from hanging up on the customer;

(2) AT&T's timekeeping software recorded those post-shift minutes on their IEX timecard;

(3) AT&T management was contemporaneously monitoring that post-shift work;

(4) AT&T management audited those minutes for the purpose of calculating adherence;

(5) AT&T expected and knew that some of those minutes were not reported by Associates even when the Associates were performing the time-reporting policy to acceptable company standards;

(6) AT&T failed to implement any policy or practice to satisfy AT&T's legal duty under the FLSA to report and process those minutes for payroll purposes; and

(7) as a result of neither being reported nor entered as an exception to the IEX scheduled shift hours, AT&T's centralized payroll processing software, elink, ignored those recorded post-shift, overtime minutes worked, instead paying the scheduled shift hours for that day, to the detriment of the associates.

All these individuals performed the same job responsibilities – taking incoming calls from Defendants' customers. All these individuals were paid in the same unlawful manner – Defendants knowingly only paid them for the time they were scheduled to work and to be on the phones, and denied them pay for work they performed when they were not scheduled to work, but were nonetheless working after their scheduled shifts, with Defendants' knowledge and/or consent. Such work occurred when these individuals were logged onto Defendants' computer terminal stations at their desks, after the end of their scheduled shifts. Based on this evidence, Plaintiffs have far exceeded the lenient standard applied at conditional certification in showing that they were subject to a common scheme or plan to violate the law. *See, e.g. Gambo v. Lucent Techs., Inc.*, 2005 WL 3542485 at *4 (N.D. Ill. Dec. 22, 2005).

Plaintiffs have shown that a class of similarly situated individuals exist who are interested

in joining this case, through the action of nine named plaintiffs and sixty-six current and former employees opting-in to this case. Plaintiffs have also offered 105 declarations and sworn testimony from other current and former associates from sixteen (16) different call centers across six (6) states demonstrating that call center associates are consistently subjected to the company-wide policies enumerated on the preceding page, which leads to the daily accrual of post-shift overtime minutes. Plaintiffs have marshalled the Rule 30(b)(6) corporate representative testimony, corroborated by other management employees with nationwide responsibility, confirming AT&T's actual and constructive notice that the post-shift overtime work is being performed, but not recorded and reported for payroll purposes. Finally, Plaintiffs have shown that AT&T's centralized batch or "gang-time" payroll processing software, elink, ignores recorded overtime post-shift minutes when no exceptions are entered to the scheduled shift hours in IEX, resulting in an FLSA violation in every FLSA qualifying workweek. Plaintiffs have exceeded the low threshold for granting conditional certification. The renewed motion for conditional certification should be granted.

In addition to the authority cited in the initial memorandum, (doc. no. 150), Plaintiffs would also draw this Honorable Court's attention these additional decisions:

In *Dekeyser, et al., v. Thyssenkrupp Waupaca*, 860 F.3d 918 (7th Cir. 2017), the Seventh Circuit reversed and Remanded District Court's grant of summary judgment and dismissal of an FLSA collective relating to four Wisconsin Steel Foundries for post-shift donning and doffing activities related to changing and showering immediately following shift activities on the foundry floors. *Id*. at 920. The Court reinstated the matter and moved forward with the nine year-old case, even after long and protracted appellate litigation while the underlying case remained inactive. *Id*. at 923. This matter has similarly suffered from several long periods of inactivity while the Court

cleared its congested docket, but we are finally back in a position to resume the case and move forward with Phase II discovery on a collective that the Court deems appropriate.

In *Krupp v. Impact Acquisitions LLC*, 2016 WL 7190562 (E.D. Wisc.), the District Court conditionally certified an FLSA collective of digital office equipment and repair workers across three states for performing unpaid post-shift customer call work and online training while management failed to institute a policy or procedure to capture and record, for payroll processing, that unpaid time. *Id.* at 1-2. In *Krupp*, just as in this case, payroll was processed according to the employee's scheduled shift hours unless a manger notified payroll that an employee had worked overtime. *Id.* at 2. Also similar to this litigation, the employees phones accurately recorded their work time via a software program, but the employer did not use those records for payroll, instead using the scheduled shift hours. *Id*. at 4. Just as AT&T received adherence reports and late-logout notifications, the employer in *Krupp* received reports showing the date and times the employees post-shift overtime work was completed. *Id.* at 3. The payroll software in *Krupp* had the ability to track and pay the post-shift overtime, and the employer had once attempted to use the software to do that, much like how AT&T could automatically process overtime exceptions, as they do in the Southeast region, and elink had the ability to pay that recorded overtime work. *Id.*

In granting the additional relief related to the conditional certification of the multi-state collective, the *Krupp* court found the requests for an excel spreadsheet containing the first and last names of the potential collective members, their last known addresses (including municipality, state, and zip code), their employment dates, their birthdates, and the last four digits of their social security numbers to be reasonable requests and awarded them to be provided within ten days of the entry of the order. *Id.* at 6.

In *Hoffman-La Roche*, the United States Supreme Court established that judicial notice to

a putative class in FLSA collective actions is proper in "appropriate cases[.]" 493 U.S. at 169. The Court determined that district courts have discretion to begin their involvement early – at the point of the initial notice of the lawsuit – because court-authorization of the notice serves the legitimate goal of avoiding duplicative suits and setting cut-off dates to expedite disposition of the action. *Id*. at 169-72. Citing to this "wide discretion" that the United States Supreme Court has afforded District Courts to manage collective actions, in *Williams v. Cargill Meat Solutions Corp*, 2010 WL 2643405 (E.D. Wisc.), the District Court redefined and modified (by further narrowing) the proposed class definition, conditionally certifying a collective under section 216(b) pursuant to a gang-time payroll policy, rather than denying the motion outright because the Court did not agree with the exact scope of the collective proposed. *Id.* at 2.

Plaintiffs seek to include in this action all inbound Call Center Associates in Defendants' Call Centers, nationwide and subject to the proposed carve-outs, who were not paid for some or all of their unreported post-shift work. As such, the identification of all putative collective action members is necessary in order to provide them with adequate notice of this action as contemplated by law. *See Hoffmann-La Roche*, 493 U.S. at 170; *Patton v. Thomson Corp.,* 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 241 (N.D.N.Y. 2002). Accordingly, Plaintiffs request that, in addition to granting conditional certification, the Court order Defendants to produce to Plaintiffs the following within ten days of the Court's Order:

> A list, in Excel format, of all hourly non-exempt persons employed by Defendants who qualify under the above class definition, including without limitation the subset of the 9,823 individuals identified in response to Interrogatory no. 2 of Plaintiffs' second set of phase one interrogatories, from April 22, 2019 to the present, including their full name, last known address, telephone number, work and personal email address, dates of employment, location(s) of employment, last four digits of their social security number, and date of birth.

5

It may be necessary to use a variety of methods to ensure adequate notice in a class action. *Adams v. Inter-Con Security Systems, Inc*., 242 F.R.D. 530, 541 (N.D. Ca. April 6, 2007); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. April 19, 2006). Issuing notice via a variety of methods is particularly necessary where there is a risk that not all class members will receive the notice to which they are entitled through U.S. Mail alone. *Romero*, 235 F.R.D. at 493. Here, the Plaintiffs are also requesting that this Court require the notice to be disseminated via email and group chat software used by each of the current employees, as well as that notice be posted by the break or lunch rooms in the buildings where the proposed class members work. Courts in this district have found posting to be acceptable in additional to mailing a notice. See, *Garcia v. Salamanca Group, Ltd., 2008 WL 818532, *2* (N.D.Ill. March 24, 2008) (Judge Lefkow ordered notice to be posted at all of defendant's business locations.); see also, *Romero*, 235 F.R.D. at 493 (Ordering notice to be posted at each of defendant's business locations, noting that defendant would face "only a small burden in being required to post the notice", and that "multiple district courts have approved this method of notice").

A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class. *See e.g. Stuven v. Texas De Brazil (Tampa) Corp*., 2013 WL 610651 (M.D.Fla. Feb. 19, 2013) (approving notice to FLSA class via email); *Cooper v. E. Coast Assemblers, Inc.,* 2013 WL 308880 (S.D.Fla. Jan. 25, 2013) ("Plaintiff's counsel may email the Notice in addition to its mailing."); *Phelps v. MC Commc'ns, Inc.,* 2011 WL 3298414 (D.Nev. Aug. 1, 2011) ("The Court will permit Plaintiffs to email the notice to those employees for whom Defendants have email addresses, as well as send it by first class mail. Email is an efficient, reasonable, and low cost supplemental form of notice, particularly where Defendants may lack current physical mailing address information for its former employees."). Indeed, an affiliated

6

entity of Defendant has provided notice of a class action not only by email, but also by text message. *See, In re AT&T Mobility Wireless Data Services Sales Tax Litig.,* 789 F. Supp. 2d 935, 968 (N.D. Ill. 2011)("…AT & T sent notice by text message to more than 32–million Class Members who were customers…(and)…the notice administrator sent an e-mail notice to over one-million former customers".)

Attached as Exhibit 1 is Plaintiffs' [renewed] Proposed Notice of Lawsuit for Unpaid Wages And Overtime that Plaintiffs seek to send to putative plaintiffs; and a [renewed] Opt In form is attached as Exhibit 2. As required, the Proposed Notice is "timely, accurate, and informative." *See Hoffmann-La Roche,* 493 U.S. at 172. It is carefully drafted to mirror notice forms that courts have approved in other FLSA cases. The Proposed Notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action, and Plaintiffs respectfully request that it be approved by the Court for distribution.

Plaintiffs seek that this notice be distributed not only via U.S. mail, but also, given the unique facts of this case and the various forms of electronic communication used by the putative class at work, that they be notified of this matter via posting, via their AT&T email address, and any other email addresses Defendants may retain for the putative class, as well as via the "Q-Messenger" chat program used by current employees at their desks, and via "desk drop" delivery of a paper copy of the notice. Plaintiffs respectfully suggest to the Court a 60-day Notice Period, given the potential size and scope of the Collective sought.

Date: April 18, 2024

        Respectfully Submitted,

        DIANE CALLOWAY, Individually and on behalf of all others similarly situated.

        By: /s/ Glen J. Dunn, Jr.

Glen J. Dunn, Jr.,
Dennis Stefanowicz, Jr.
Glen J. Dunn & Associates, Ltd.
One East Wacker Drive
Suite 2510
Chicago, IL 60601
Tel: (312) 880-1010
gdunn@gjdlaw.com
dstefanowicz@gjdlaw.com

J. Derek Braziel
Braziel | Dixon LLP
1910 Pacific Ave.
Ste. 13300
Dallas, Texas 75201
Telephone: (214) 749-1400
Fax: (214) 749-1010
jdbraziel@l-b-law.com

**CERTIFICATE OF SERVICE**

      I, Glen J. Dunn, Jr., an attorney, certify that on April 18, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for Northern District of Illinois, using the CM/ECF system. I certify that all participants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/Glen J. Dunn, Jr.
      Glen J. Dunn, Jr.
      One of Plaintiff's Attorneys

Glen J. Dunn, Jr.,
Glen J. Dunn & Associates, Ltd.
One East Wacker Drive
Suite 2510
Chicago, IL 60601
Tel: (312) 880-1010

J. Derek Braziel
Braziel | Dixon LLP
1910 Pacific Ave.
Ste. 12000
Dallas, Texas 75201
Telephone: (214) 749-1400
Fax: (214) 749-1010